IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-95-BO

| | |
|---|---|
| PCX HOLDING, LLC<br>　　　　　Plaintiff,<br><br>v.<br><br>GUY M. TURNER, INC., and RELAY<br>ASSOCIATES, INC.,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

| | |
|---|---|
| RELAY ASSOCIATES, INC.,<br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>ALTRAN SOLUTIONS CORP.,<br>　　　　　Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This cause is before the Court on Defendant Guy M. Turner Inc.'s Motion to Dismiss Defendant Relay Associates' claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 24], Defendant Turner's motion to strike Defendant Relay Associates' surreply brief [DE 37], and Third-Party Defendant Altran Solutions' motion for partial judgment on the pleadings [DE 34]. The matters have been fully briefed and are ripe for ruling. For the reasons discussed below, the motion to dismiss is DENIED, the motion to strike the surreply is DENIED, and the motion for partial judgment on the pleadings is GRANTED.

BACKGROUND

The seeds of this case were sown when an oversized truck bearing electronic equipment was hit by a train in Halifax, North Carolina in 2015. The truck was bound for New Jersey, where third-party defendant Altran had contracted with defendant Relay Associates to build a control house as part of an electrical switching station. Defendant Relay Associates in turn hired plaintiff PCX, a North Carolina corporation, to build the control house sections. Once the sections were completed, plaintiff PCX, through a shipping broker, hired defendant Turner to transport the pieces from North Carolina to New Jersey. En route, the truck bearing one of the sections was hit and the cargo was destroyed. Most of the underlying merits claims, which include claims for damages between PCX and Relay Associates, PCX and Turner, Relay Associates and Turner, and Relay Associates and Altran, are not yet before this Court.

Defendant Relay Associates filed a crossclaim against defendant Turner, asserting a negligence claim stemming from the destruction of the control house section. Defendant Turner has moved to dismiss that claim. Additionally, defendant Turner has filed a motion to strike a surreply filed by defendant Relay Associates. Finally, Relay Associates' series of claims against Altran include a claim under the New Jersey Prompt Pay Act, which is the subject of Altran's motion for partial judgment on the pleadings.

This Court has jurisdiction over the claim plaintiff PCX brought against defendant Turner on the basis of the federal question asserted, 49 U.S.C. § 14706. This Court has jurisdiction over the remaining claims between the various parties under diversity jurisdiction, 28 U.S.C. § 1332, as well as supplemental jurisdiction, 28 U.S.C. §1367.

## ANALYSIS

Defendant Turner's Motion to Dismiss

Defendant Turner's motion to dismiss defendant Relay Associates' crossclaim is made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Defendant Relay Associates, in its crossclaim against defendant Turner, asserts a cause of action sounding in negligence. To do so, a claimant must allege the following: a duty, breach of that duty, causation, and damages. *E.g., William L. Thorp Revocable Trust v. Ameritas Inv. Group*, 57 F. Supp. 3d 508, 531 (E.D.N.C. 2014). Defendant Relay Associates has pled enough facts to state a claim. It has alleged that defendant Turner owed defendant Relay Associates a duty of due care. It has alleged specific facts as to defendant Turner's neglect of that duty when crossing the train tracks. It has alleged that this negligence led to a train hitting the equipment on the truck. And it has alleged that the destruction of the equipment on the truck led to its injury. These facts suffice to state a tort claim.

Defendant Turner, in its motion to dismiss defendant Relay Associates' negligence claim, argues that the claim is preempted by the Carmack Amendment to the Interstate Commerce

Commission Act, 49 U.S.C. §14706. The Carmack Amendment provides a mechanism to resolve contractual and tort disputes between carriers and shippers. Turner is undisputedly the motor carrier. But Relay Associates has alleged facts sufficient to argue that it is neither the shipper nor on the bill of lading, and thus is not controlled by the Carmack Amendment. At this juncture, such factual claims are substantial enough that a motion to dismiss should not be granted. Relay Associates has stated a plausible claim.

Defendant Turner's Motion to Strike Defendant Relay Associates' Surreply

Defendant Turner also filed a motion to strike defendant Relay Associates' surreply regarding the above claim. While surreply briefs are generally disfavored, this Court has the discretion to permit them. *See Osei v. University of Maryland University* College, 202 F. Supp. 3d 471 (D. Md. 2016). The Court declines to strike the surreply brief at issue here. The motion is therefore denied.

Third-Party Defendant Altran's Motion for Partial Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, a judgment on the pleadings is appropriate when no set of facts would entitle a plaintiff to relief under his claim. Fed. R. Civ. P. 12(c); *Gibby v. Int'l Bus. Machines Corp.*, 155 F.3d 559 (4th Cir. 1998). The claim at issue here is one of several defendant Relay Associates brought against third-party defendant Altran when involving it in the proceeding before this Court. It alleges a violation of the New Jersey Prompt Payment Act, or NJPPA. N.J.S.A § 2A:30A. The text of the NJPPA itself restricts it as a cause of action outside the state of New Jersey. N.J.S.A § 2A:30A-2f ("In any civil action brought to collect payments pursuant to this section, the action shall be collected inside of this state."). "The terms of the NJPPA are unequivocal." *First Gen. Const. Corp. v. Kasco Const. Co.*, 2011 WL 2038542, at *2 (E.D. Pa. 2011). This claim is restricted to New Jersey. As this lawsuit is

proceeding outside of New Jersey, it is appropriate to grant judgment for third-party defendant Altran.

## CONCLUSION

For the foregoing reasons, Defendant Guy M. Turner Inc.'s Motion to Dismiss Defendant Relay Associates' claim [DE 24] is DENIED, Defendant Turner's motion to strike Defendant Relay Associates' surreply brief [DE 37] is DENIED, and Third-Party Defendant Altran Solutions' motion for partial judgment on the pleadings [DE 34] is GRANTED.

SO ORDERED, this _19_ day of October, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE